```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DENISE EVERS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-06310 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. |  |

APPEARANCES

Denise Evers, Plaintiff Pro Se
1313 Mulberry Lane
Williamstown, NJ 08094

**SIMANDLE, Chief District Judge:**

1.  Plaintiff Denise Evers seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.  28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

1

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. First, the Complaint must be dismissed with prejudice as to claims made against CCJ because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

5. Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

6. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

7. To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

8.  With respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "Slept on floor under bed with four girls to a room." Complaint § III(C).

9.  Plaintiff contends that these events occurred: "March – May 2016, May 2013." *Id*. § III(B).

10. Plaintiff does not identify or describe any injuries in connection with these events. *Id*. § IV (blank).

11. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

12. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and

4

thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

13.  Moreover, Plaintiff's claim for prospective injunctive relief must be dismissed as moot. Plaintiff has not stated a request for monetary damages in the Complaint; rather, the request for relief states that Plaintiff "would like them to clean up this County [Jail]. These are unliveable [*sic*] conditions." Complaint § V. However, Plaintiff is no longer incarcerated at the CCJ. Plaintiff therefore lacks standing to seek injunctive relief because she is no longer subject to the allegedly unconstitutional conditions she seeks to challenge.

*Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981).[2]

    14.  Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine

---

[2] Given that Plaintiff seeks a court injunction rather than money damages, the Court further advises Plaintiff that she is one of thousands of members of a certified class in a case on this Court's docket captioned *Dittimus-Bey, et al. v. Taylor, et al.*, Civil Action No. 1:05-cv-0063-JBS, United States District Court for the District of New Jersey. The class plaintiffs are all persons confined at the Camden County Correctional Facility ("CCCF"), as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until the present time. The *Dittimus-Bey* class of plaintiffs seeks injunctive and declaratory relief concerning allegedly unconstitutional conditions of confinement at the CCCF involving overcrowding. The *Dittimus-Bey* class action does not involve money damages for individuals. There is a proposed final settlement of *Dittimus-Bey*, which this Court preliminarily approved on February 22, 2017. That February 22 preliminary approval describes the proposed settlement in detail. Various measures undertaken pursuant to the Court-approved Second and Third Consent Decrees have reduced the CCCF jail population to fewer prisoners than the intended design capacity for the jail, thereby greatly reducing or eliminating triple and quadruple bunking in two-person cells; these details are further explained in the proposed Sixth and Final Consent Decree, which would continue those requirements under Court supervision for two more years. According to the Notice Of Class Action Settlement approved in the *Dittimus-Bey* case on February 22, 2017, any class member can object to the proposed settlement by filing an objection in the *Dittimus-Bey* case before April 24, 2017. A final hearing is set for May 23, 2017, at which time the Court will consider any objections to the settlement. If the *Dittimus-Bey* settlement is finally approved after the May 23, 2017 hearing, Plaintiff and other class members will be barred from seeking injunctive or declaratory relief for the period of time from January 6, 2005 until the date of final approval, but the settlement does not bar any individual class member from seeking money damages in an individual case.

privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[3]

15.  Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[4]

16.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the

---

[3] The amended complaint shall be subject to screening prior to service.

[4] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to October 3, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after October 3, 2014.

amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

17.  For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim.

18.  An appropriate order follows.


**March 7, 2017**            **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             Chief U.S. District Judge